**FREMONT SAVINGS BANK CO v
BOWLUS, Exr, et**

Ohio Appeals, 6th Dist, Sandusky Co

No 274.   Decided June 5, 1933

Tyler, Wilson & Rhinefort, Toledo, for plaintiff in error.

Harry Garn, Fremont, A. V. Baumann, Fremont, and Culbert & Culbert, Fremont, for defendants in error.

## OPINION

PER CURIAM

This is the second presentation of this case to this court on proceedings in error, the judgment rendered at the first trial of the action in the Court of Common Pleas having been reversed. The facts involved are in substance generally stated in **Callihan v Bowlus, Exr., 38 Court of Appeals Op'nions, unreported, p. 119.**

We have again read the evidence as produced at the second trial wherein a verdict was returned by the jury in favor of the executor, and judgment rendered thereon. Many errors are alleged as grounds for a reversal of that judgment. In addition to the facts narrated in the opinion of this court above referred to, the evidence shows that prior to leasing the safety deposit box the decedent, Mrs. Bowlus, had not used the facilities of The Fremont Savings Bank for any purpose, that she arranged personally with the cashier of the bank for the leasing of the safety deposit box and that he prepared the contract therefor after she had explained to and discussed with him her purpose and object. The cashier testified that Mrs. Bowlus told him that she had personal property that she wished to have go to Mrs. Callihan and Mrs. Crane and that she wanted to leave certain papers or items to the ladies so specified and that she wanted them to pass to her people after her death. Mrs. Bowlus paid the rental for the box and during her lifetime no one

but herself opened it. Mrs. Bowlus alone arranged with the cashier for the lease of the safety deposit box. He did not talk with Mrs. Crane or Mrs. Callihan nor did either of them go to the bank until after the death of Mrs. Bowlus. On the Monday following the death of Mrs. Bowlus they went to the bank and at their request the box was unlocked by the cashier of the bank who, after removing it from its receptacle and placing it on a table nearby, left the presence of Mrs. Crane and Mrs. Callihan. There is no question but that during her life Mrs. Bowlus retained control of the safety deposit box and its contents, and received the income from the securities deposited by her therein. The evidence fairly discloses and the jury was warranted in finding that the bank had knowledge of the purpose of Mrs. Bowlus to retain control of the property in question until her death and that in fact she did so, and that no one except herself had opened the box until her nieces, with permission of the bank, opened it on the Monday following the death of their aunt. If the jury so believed, as their verdict indicates it did, then it was warranted also in finding that the bank, by permitting Mrs. Callihan and Mrs. Crane to take from the box after the death of Mrs. Bowlus the property placed by her therein, was guilty of conversion and liable for the property of Mrs. Bowlus thus taken therefrom.

Among other allegations in the second amended petition of Bowlus, Exr., upon which the action was tried, is the following:

"Plaintiff says that on August 5, 1929, the defendants, Corrine Crane and Elizabeth Callihan, by and with the assistance and co-operation of the defendant, The Fremont Savings Bank Company, and in violation of plaintiff's marital rights, his rights as executor of said estate, and in violation of the rights of the devisees and legatees of said estate, did remove and secure the unlawful possession of all papers, property, securities, moneys, and total contents of said safety deposit box No. 516, and that said defendant bank did permit the contents of said safety deposit box No. 516 to be removed and taken out of said bank and placed elsewhere, with knowledge at the time of the death of said decedent."

In our judgment the issues thus made justified the court in submitting the controverted questions to the jury on the theory of a conversion of the property by Mrs. Crane, Mrs. Callihan and the bank, and we think, taken as a whole, the charge

of the court to the jury and the theory upon which the action was tried and the forms of verdicts submitted to the jury are consonant with that conclusion.

Finding no prejudicial error in the record, the judgment of the Court of Common Pleas is affirmed, except that there should be deducted therefrom, as of the date of the entry thereof, the penalty added thereto by the trial court, the reason therefor being that, as heretofore stated, the action was submitted as one in conversion and not as an action under §10506-67, GC, formerly §10673, GC, which provides for the imposition of a penalty.

Judgment affirmed.

RICHARDS, WILLIAMS and LLOYD, JJ, concur.